## LUSK et al. v. RICKS.

No. 8573—Opinion Filed April 30, 1918. (172 Pac. 782.)

**Appeal and Error—Verdict—Review.**

Where the issue as to whether the plaintiff below was the real party in interest was properly submitted to a jury, the verdict of the jury, being reasonably supported by the evidence, will not be disturbed upon appeal.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Suit by W. H. Ricks against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant bring error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiffs in error.

J. T. Walter and A. L. Hilpirt, for defendant in error.

Opinion by HOOKER, C. The defendant in error instituted suit in the lower court against the plaintiffs in error to recover damages alleged to have been sustained by him by reason of the negligent shipment of 555 head of sheep from Oklahoma City to Hedrick, Okla., on or about November 26, 1914, and that on account of the careless and negligent manner in which said shipment was handled 85 head of said sheep died and others were injured, and it was asserted that damages accrued to him in the sum of $580. The defendant in error recovered a judgment in the court below for the sum of $300, to reverse which an appeal is had here.

The evidence discloses that in November, 1914, the defendant in error, W. H. Ricks, and one Showalter entered into a partnership agreement with reference to the purchase and handling of the sheep in question, and that they about that time purchased these sheep from a commission company at Oklahoma City, and to secure the payment thereof they executed a mortgage to the company and handled the sheep together for a while as a partnership transaction. Shortly thereafter, and before the institution of this suit, Showalter, for rea-

son satisfactory to himself, retired from the partnership and assigned his interest in the transaction to his former partner.

The only error complained of here by plaintiff in error is that this action could not be maintained by Ricks alone, for it is contended that under the evidence Showalter was interested in the claim and should have been made a party to this action. At the close of the plaintiff's evidence the defendants below moved the court to instruct a verdict in favor of the company upon that ground, which motion was overruled by the court.

The plaintiffs in error assert that under section 4690, Rev. Laws 1910, defendant in error was not entitled to maintain this action in view of the fact that the subject-matter was jointly owned by him and Showalter. While the defendant in error asserts that the evidence establishes that the defendant in error is the sole owner of the claim, he also contends that, in view of the fact that the contract of shipment was made by the plaintiffs in error with Ricks alone, he (Ricks) would be entitled to maintain this suit for the use and benefit of himself and others interested; he being the sole party to the contract.

The trial court submitted the question of the ownership of this claim at the time of the institution of this suit to the jury under proper instructions, and specifically told the jury that before the plaintiff below was entitled to recover he must show by a preponderance of the evidence that prior to the institution of the suit that he was the owner of all of the interests in the sheep transactions that had formerly been owned by Showalter and himself, and if he failed he could not recover. The jury found in favor of the defendant in error upon that proposition. An examination of the testimony of Ricks and Showalter discloses sufficient evidence to justify the jury in reaching the conclusion as to the ownership of the property involved here. Showalter testified as follows:

"Q. I will ask what you did with your interest, if any? A. I sold all my interest to W. H. Ricks last spring. Q. The sheep and all claims? A. The sheep and all claims I had; I turned it all over to him. Q. And then he paid you and took what sheep was left? A. Yes, sir; he did."

The evidence is conflicting, and in some sense contradictory, as to what Showalter did assign to Ricks, but there is some evidence to support the verdict of this jury, and, in view of the fact that Showalter himself was a witness in this case supporting the claim of Ricks against the company for the damages alleged to have been received by him, we cannot see how the rights of the plaintiffs in error can in any way be affected in not making him a party to this action.

Considering the record as a whole, we are of the opinion that the verdict of the jury is supported by the evidence, and it is unnecessary to decide the other question raised here as to the right of Ricks to maintain this suit alone, even if Showalter had not assigned him his claim.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.